UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> AZURE MANOR/RANCHO DEL PAZ HOMEOWNERS ASSOCIATION; SFR INVESTMENT POOL 1, LLC; and ALESSI & KOENIG, LLC, <br><br> Defendants. | Case No. 2:16-cv-00764-GMN-GWF <br><br> **ORDER** <br><br> **Re: Motion for Protective Order (ECF No. 51)** |

This matter is before the Court on Plaintiff/Counter/Cross-Defendant Bank of America, N.A.'s Motion for Protective Order (ECF No. 51), filed on February 23, 2018. Defendant/Counter/Cross-Claimant SFR Investment Pool 1, LLC filed its Opposition (ECF No. 59) on March 9, 2018, and Plaintiff filed its Reply (ECF No. 61) on March 15, 2018. The Court determines that this motion can be resolved without the need for oral argument and the hearing scheduled for March 22, 2018 at 9:30 A.M. is therefore vacated.

## **BACKGROUND AND DISCUSSION**

This case is one of several between Plaintiff/Counter-Defendant Bank of America, N.A. and Defendant/Counterclaimant SFR Investment Pool 1, LLC arising out of the SFR's purchase of residential real property that was previously sold pursuant to the non-judicial foreclosure of a homeowners' association assessment lien. The issue in these cases is whether the foreclosure sale had the legal effect of extinguishing a senior deed of trust on the property securing a promissory note for the purchase of the property.

Defendant SFR has noticed the deposition of Plaintiff pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure in several of these cases. The topics listed in the deposition

notices are identical or substantially identical. The parties have met, conferred and reached agreement regarding the majority of topics that will be inquired into at the depositions and to which Plaintiff's designee must be prepared to testify. The parties have not been able to agree on the following topics:

> 5. Any and all damages You allege You suffered as a result of the Association foreclosure and/or as a consequence of any claim You made against SFR and/or the Association.
>
> 8. All facts and circumstances surrounding Your acquisition of Your interest in the Deed of Trust and/or underlying promissory note, including, but not limited to:
>
>> a. the amount You paid for Your interest in the Deed of Trust;
>>
>> b. Your knowledge of the MERS milestones for the Deed of Trust;
>>
>> c. Your knowledge of any purchase agreement applicable to the Deed of Trust between you and the entity from which You purchased Your interest in the loan underlying the Deed of Trust; and
>>
>> d. Your knowledge of any pooling and servicing agreement applicable to the Deed of Trust.
>
> 9. Your knowledge regarding creation, execution and recording of the assignments of the Deed of Trust, including Your knowledge of any power of attorney referenced or relied upon in creation of said assignments.

*Motion for Protective Order* (ECF No. 51), *Exhibit A-1*.

In *Bank of America, N.A. v. Lake Mead Court Homeowners' Association, SFR Investment Pool 1, LLC*, Case No. 2:16-cv-00504-GMN-NJK, the Plaintiff filed substantially the same motion, SFR filed substantially the same opposition and Plaintiff filed substantially the same reply (*See id.* ECF Nos. 70, 71 and 75).[1] On March 14, 2018, Judge Koppe granted Plaintiff's motion

---

[1] The parties have also stipulated that the Court's decision in *Bank of America, N.A. v. Lake Mead Court Homeowners' Association, SFR Investment Pool 1, LLC*, will apply to the same topics in Rule 30(b)(6) deposition notices in other cases in which Chief District Judge Navarro and Magistrate Judge Koppe are the assigned judges, and that the decision on the motion for protective order in this case will apply to the same deposition topics in other cases in which Chief District Judge Navarro and Magistrate Judge Foley are the assigned judges.

for protective order with respect to topics 5, 8 and 9. This Court fully agrees with Judge Koppe's decision and hereby adopts her analysis which is quoted in its entirety as follows:

A. Topic 5

The first dispute relates to SFR's desire to obtain Plaintiff's deposition testimony as to its damages. *See* Docket No. 70-1 at 10. Plaintiff argues that, *inter alia*, such testimony is not relevant because it does not have a damages claim against SFR and seeks damages only against the HOA as an alternative remedy. *Id.* SFR counters that Plaintiff "must testify as to its damages to have constitutional standing." Docket No. 71 at 4. Plaintiff has the better argument.

Discovery must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The drafters of the 2015 amendments intentionally omitted language that discovery must be "reasonably calculated to the discovery of admissible evidence" so that it could no longer be interpreted as defining relevance, and case law using such a standard has been abrogated. *See, e.g.*, *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016). Hence, it is clear that relevance for discovery purposes is no longer defined as encompassing information that "appears reasonably calculated to the discovery of admissible evidence." *Id.* at 564 (holding that previous Ninth Circuit authority to the contrary has been abrogated). "The test going forward is whether the evidence is 'relevant to any party's claim or defense.'" *Id.* Even after the 2015 amendments, courts continue to recognize that discovery relevance remains "broad" in scope. *See, e.g.*, *Federal Nat'l Mortg. Assoc. v. SFR Investments Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

The Supreme Court has identified three standing requirements: (1) the plaintiff must have suffered an injury in fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of such that the alleged injury is fairly traceable to the challenged conduct; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

In this case, SFR appears to be confusing "damages" with "injury in fact." An injury in fact clearly exists here, as do the other standing requirements. SFR is asserting (through its own counterclaim in this case) that Plaintiff no longer has an interest in the subject property as a result of the homeowners association foreclosure sale. Docket No. 32 at 13. Plaintiff brings a claim that its interest was not extinguished, and that title should be quieted in its favor accordingly. Docket No. 1 at 6-11. Whether Plaintiff is asserting a claim for damages against SFR does not negate its standing to bring its claim to quiet title. [FN 1]

3

[FN 1] Any damages Plaintiff claims against the HOA does not impact its standing to bring claims against SFR. *Cf. Davis v. Fed. Elec. Comm'n*, 554 U.S. 724, 734 (2008) ("Standing is not dispensed in gross. Rather, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought" (internal citations and quotations omitted)).

In short, Plaintiff does not seek damages against SFR and Plaintiff is not required to testify that it incurred damages in order to have standing in this matter. Accordingly, the Court grants the motion for protective order as to Topic 5.

B. Topic 8

The second dispute relates to SFR's desire to obtain Plaintiff's deposition testimony regarding "[a]ll facts and circumstances surrounding [Plaintiff's] acquisition of [its] interest in the Deed of Trust and/or underlying promissory note." Docket No. 70-1 at 11. Plaintiff objects to this topic on several grounds, including that it is not relevant. *See* Docket No. 70 at 5. In particular, Plaintiff argues that it has sufficiently demonstrated a right to maintain suit by providing a copy of the deed of trust and a copy of the assignment of the deed of trust to Plaintiff. *See id.* at 6. SFR contends that such discovery is proper because "[i]t is possible that [Plaintiff] simply does not hold the note or deed and never has" or that the discovery may provide some other basis on which SFR can challenge Plaintiff's standing. Docket No. 71 at 6. Plaintiff has the better argument.

As explained in another case by United States District Judge Miranda M. Du in denying a request for discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiff "is not seeking to enforce the note in this action; rather, it seeks a declaration that is the beneficiary of the DOT and mortgage loan and that these still encumber the Property." *PHH Mortg. Corp. v. SFR Investments Pool 1, LLC*, 2018 WL 547230, at *2 (D. Nev. Jan. 24, 2018). It suffices for purposes of this litigation for Plaintiff to provide the Court with a copy of the deed of trust and a copy of the assignment of the deed of trust to Plaintiff. *See id.*; *see also Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 2016 WL 2843802, at *4 (D. Nev. May 12, 2016) (holding that testimony regarding the price the bank paid to secure its interest in the deed of trust was irrelevant). In this case, Plaintiff has done so and has also agreed to produce a witness to identify its interest. *See* Docket No. 70 at 6. The Court agrees with Plaintiff that further discovery on this issue is irrelevant. Accordingly, the Court grants the motion for protective order as to Topic 8.

C. Topic 9

The third dispute relates to SFR's desire to obtain Plaintiff's deposition testimony regarding its "knowledge regarding [the] creation, execution and recording of the assignments of the Deed of Trust." Docket No. 70-1 at 11.

4

> Similar to its position with respect to Topic 8, Plaintiff has agreed to testify as to its status as record deed of trust beneficiary and to lay the foundation for the authenticity of the recorded assignment, but Plaintiff argues that the testimony sought otherwise lacks any nexus to the issues in this case. Docket No. 70 at 7. As such, Plaintiff explains that the deposition topic amounts to a fishing expedition in search of some currently unavailable defense. *See* Docket No. 70-1 at 5. SFR counters that the testimony may reveal a defect in the assignment. Docket No. 71 at 7. Plaintiff has the better argument.
>
> District courts need not condone the use of discovery to engage in fishing expeditions. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). It is axiomatic that a party is not entitled to make accusations without basis and then use the discovery process in the hope of uncovering such a basis. *See,e.g.*, *Rodriguez v. Quality Loan Serv. Corp.*, 2010 WL 1644695, at *2 (D. Ariz. Apr. 22, 2010). [FN 2] This already-settled proposition is reenforced by the 2015 amendments to the discovery rules, which were meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).
>
>> [FN 2] This issue arises most commonly when a plaintiff seeks discovery without a sufficient factual basis alleged in the complaint, *see, e.g.*, *Aschroft v. Iqbal*, 556 U.S. 662, 678-79 (U.S. 2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"), but the same prohibition applies when a defendant seeks discovery based on speculation about the existence of a potential defense, *see, e.g.*, *MP Nexlevel, of Cal., Inc. v. CVIN, LLC*, 2016 WL 1408459, at *4 (E.D. Cal. Apr. 11, 2016) (finding discovery to be an improper "fishing expedition" when the defendant was "searching for something improper that might give right to a potential defense, rather than following a lead indicating that such impropriety will be found").
>
> With respect to this deposition topic, SFR does not contend that the subject matter is currently at issue in this case. Instead, it argues that the deposition testimony may "cause the assignments, and the bank's interest in the property, *to be at issue*." Docket No. 71 at 7 (emphasis added). The speculative hope that discovery may be helpful in formulating a currently-unavailable defense is simply not sufficient to justify that discovery. This is not "twisted logic" as SFR contends, *id.*, but rather a well-settled principle that parties should not be subjected to fishing expeditions.

*Order* (ECF No. 81), at 2-5.

Bank of America states that in this case, it issued the loan to the purchaser on which the deed of trust was obtained and that it has not assigned the deed of trust. *Motion for Protective*

*Order* (ECF No. 51), at 2; *Exhibit B,* (Response to Interrogatory No. 1). Thus, this case does not even involve assignments or transfers of the deed of trust. SFR has not pointed to any alleged defects in the deed of trust or record that would warrant obtaining testimony on the subject topics. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counter/Cross Defendant Bank of America, N.A.'s Motion for Protective Order (ECF No. 51) is **granted.**

**IT IS FURTHER ORDERED** that the hearing scheduled in this matter for March 22, 2018 at 9:30 A.M. is **vacated**.

Dated this 19th day of March, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE