**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BANK OF AMERICA, N.A., )
                                        )
                       Plaintiff, )       Case No.: 2:16-cv-00764-GMN-GWF
        vs. )
                                        )                        **ORDER**
AZURE MANOR/RANCHO DE PAZ )
HOMEOWNERS ASSOCIATION, *et al.*, )
                                        )
                     Defendants. )
                                        )

Pending before the Court is the Motion to Reconsider, (ECF No. 93), filed by Plaintiff Bank of America, N.A. ("BANA"). Defendants Azure Manor/Rancho de Paz Homeowners Association ("HOA") and SFR Investments Pool 1, LLC ("SFR") (collectively "Defendants") filed Responses, (ECF Nos. 97, 98), to which BANA filed Replies, (ECF Nos. 100–01).

For the reasons discussed below, BANA's Motion to Reconsider is **DENIED**.

**I.     BACKGROUND**

This quiet title action arises from the non-judicial foreclosure on real property located at 2820 Tilten Kilt Avenue, North Las Vegas, Nevada 89081 (the "Property"). (*See* Deed of Trust, ECF No. 63-1). In 2006, Charles G. Campbell ("Borrower") financed his purchase of the Property by way of a $323,000.00 loan secured by a deed of trust. (*Id.*). BANA, as lender and beneficiary, recorded the deed of trust on May 8, 2007. (*Id.*). Upon Borrower's failure to pay all amounts due to HOA, Alessi & Koenig ("A&K"), on behalf of HOA, initiated foreclosure proceedings. (*See* Notice of Lien, ECF No. 63-2); (*see also* Notice of Default, ECF No. 63-3).

Relevant to the instant Motion,[1] A&K recorded a notice of foreclosure sale on August 2, 2012, setting a sale date for September 5, 2012. (*See* Notice of Sale, ECF No. 63-5). BANA mailed a letter to A&K on August 31, and sent a fax on September 4, requesting the amount of HOA's superpriority lien. (*See* Accounting Request, ECF No. 63-8); (*see also* Second Accounting Request, Ex. A to Mot. to Recons. at 4, ECF No. 93-1).

On September 5, 2012, A&K conducted the foreclosure sale, at which the Property reverted to HOA for a credit bid of $7,695.22. (*See* Trustee's Deed Upon Sale, ECF No. 63-6). Following the sale, on September 12, 2012, A&K responded to BANA with a ledger providing the outstanding fees, interest, and costs. (A&K Ledger, ECF No. 75-5). A&K also sent BANA an email the same day, stating "the nine-month super-priority is not triggered until the beneficiary under the first deed of trust forecloses." (A&K Email Correspondence, Ex. A to Mot. to Recons. at 5, ECF No. 93-1). On March 11, 2013, A&K sold the Property to SFR through a quitclaim deed. (*See* Quitclaim Deed, ECF No. 63-7).

On February 14, 2019, the Court issued its decision on the parties' summary-judgment motions. (*See* Order, ECF No. 90). The Court held that BANA was not entitled to summary judgment on its quiet title claim because, among other things, BANA failed to tender the HOA superpriority amount ahead of the foreclosure sale. (*Id.* 8:17–16:12). The Court rejected BANA's argument that A&K's "alleged refusal to cooperate—by not responding to BANA's accounting request—constitutes an affirmative effort to prevent BANA's tender," such that BANA's attempt to tender was enough to save its deed of trust from extinguishment. (*Id.* 10:3–11). Finding BANA's remaining quiet-title arguments unavailing, the Court granted Defendants' motions for summary judgment. (*Id.* 8:17–16:12, 17:2–9).

---

[1] A complete statement of the facts can be found in the Court's prior Order. (*See* Order 1:20–2:23, ECF No. 90).

Shortly thereafter, the Nevada Supreme Court handed down its decision in *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217 (Nev. 2019), and BANA filed the instant Motion to Reconsider, (ECF No. 93).

## II.  LEGAL STANDARD

The court has inherent power to entertain motions for reconsideration of interlocutory orders. *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment."); *see also* Fed. R. Civ. P. 54(b). The standard governing reconsideration of an interlocutory order is the same as the standards governing motions to alter or amend final judgments under Federal Rule of Civil Procedure 59(e) or 60(b). Motions for reconsideration are disfavored, and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted).

## III.  DISCUSSION

BANA moves for reconsideration on the basis that *Jessup* constitutes an intervening change in controlling law which entitles BANA to judgment in its favor on its quiet title claim. (Mot. to Recons. 2:8–17, ECF No. 93).

As a general rule, a first deed of trust holder may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* NRS 116.31166(1); *see also SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014). "Valid tender requires payment in full," and must be either unconditional or limited to "conditions on which the tendering party has a right to insist." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–118 (Nev. 2018).

In *Jessup*, the Nevada Supreme Court introduced a narrow exception to the foregoing rule: a first deed of trust holder is excused from tendering the superpriority amount where an HOA agent represents that it would reject any such tender if attempted. *Jessup*, 435 P.3d at 1220. In that case, like the instant one, the deed of trust holder sent a letter requesting the amount of the HOA's superpriority lien. *Id.* at 1219–20. Citing the general rule, the Court held that a mere offer to pay the "yet-to-be-determined superpriority amount was not sufficient to constitute valid tender." *Id.* at 1220. Nevertheless, the Court held that tender was excused because the HOA's agent represented to the deed of trust holder that any attempted tender would be rejected.

Specifically, the HOA's agent, ACS, responded in writing to the lender's request for the payoff amount, stating "a 9-month statement of Account is not valid," until the lender—rather than HOA—initiates foreclosure. *Id.* While ACS's correspondence did not expressly state tender would be rejected, the Nevada Supreme concluded this was "the only reasonable construction" of ACS's language. *Id.* Given the futility of tender, the Court found it immaterial that the deed of trust holder took no further action to preserve its deed of trust in the ten-month window between ACS's rejection and the foreclosure sale. *Id.* 1218–1219. Accordingly, the lender's offer to pay the "yet-to-be-determined superpriority amount," combined with "ACS's rejection of that offer, operated to cure the default as to [the superpriority] portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust." *Id.* at 1220.

Applying *Jessup* here, the Court finds reconsideration is unwarranted. The *Jessup* Court's excusal of tender was based upon the lender's offer to pay the "yet-to-be-determined superpriority amount," *and* the HOA agent's "rejection of that offer." *Id.* The problem for BANA here is the second requirement. BANA received A&K's letter of rejection *after* the foreclosure sale. Stated differently, BANA's deed of trust was already extinguished by the time BANA could have reasonably determined that tender would be futile. That A&K did not

respond sooner is a function of BANA's decision to inquire about its deed of trust a mere six days before the foreclosure sale. Thus, were *Jessup* to work in BANA's favor, the Court would have to find that A&K's mere failure to respond to BANA within six days could reasonably be interpreted as an unequivocal statement that any tender would be rejected. The Court declines to read *Jessup* so broadly as to sanction this result. Accordingly, BANA's Motion for Reconsideration is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion for Reconsideration, (ECF No. 93), is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to the parties' representations in their joint status report, (ECF No. 92), the parties shall file dismissal documents within twenty-one (21) days of this Order.

**DATED** this __17__ day of April, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge